**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **TRANS VIDEO ELECTRONICS, LTD.,** | ) ) ) | |
| **Plaintiff,** | ) ) ) | **Civil Action No. _____** |
| **v.** | ) ) ) | **JURY TRIAL DEMANDED** |
| **NETFLIX, INC.,** | ) ) ) | |
| **Defendant.** | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Trans Video Electronics, Ltd. ("Plaintiff" or "TVE"), by and through its undersigned counsel, files this Complaint for patent infringement against Defendant Netflix, Inc. ("Defendant" or "Netflix") as follows:

## NATURE OF THE ACTION

1.      This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent No. 5,594,936 entitled "*Global Digital Video News Distribution System*" (hereinafter, the "'936 patent") and United States Patent No. 5,991,801 entitled "*Global Digital Video News Distribution System*" (hereinafter, the "'801 patent") (collectively referred to as the "Patents-in-Suit").  Copies of the Patents-in-Suit are attached hereto as Exhibits A and B respectively.  Plaintiff is the owner of the Patents-in-Suit with respect to the Defendant.  Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

2.     TVE is a limited liability company organized under the laws of the State of Indiana, and maintains its principal place of business at 4115 Wisconsin Avenue, NW, Suite 208, Washington, DC 20016.

3.     Plaintiff is the owner of the Patents-in-Suit with respect to the Defendant, and possesses all rights thereto, including the exclusive right to exclude the Defendant from making, using, selling, offering to sell or importing in this district and elsewhere into the United States the patented invention(s) of the Patents-in-Suit, the right to sublicense the Patents-in-Suit, and to sue the Defendant for infringement and recover past damages.

4.     Upon information and belief, Defendant is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business located at 100 Winchester Circle, Los Gatos, California, 95032.

## JURISDICTION AND VENUE

5.     This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.   This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

6.     The Court has personal jurisdiction over Defendant because: Defendant has minimum contacts within the State of Delaware and in the District of Delaware; Defendant has purposefully availed itself of the privileges of conducting business in the State of Delaware and in the District of Delaware; Defendant has sought protection and benefit from the laws of the State of Delaware; Defendant regularly conducts business within the State of Delaware and within the District of Delaware, and Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Delaware and in the District of Delaware.

7.     More specifically, Defendant, directly and/or through its intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of an interactive web page) its products and services in the United States, the State of Delaware, and the District of Delaware.  Upon information and belief, Defendant and/or its customers have committed patent infringement in the State of Delaware and in the District of Delaware, and/or has intentionally induced others to commit patent infringement in the State of Delaware and in the District of Delaware.  Defendant solicits customers in the State of Delaware and in the District of Delaware. Defendant has many paying customers who are residents of the State of Delaware and the District of Delaware and who use Defendant's products and services in the State of Delaware and in the District of Delaware.

8.     Venue is proper in the District of Delaware pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I:
## INFRINGEMENT OF U.S. PATENT NO. 5,594,936

9.     Plaintiff re-alleges and incorporates by reference each of Paragraph 1-8 above.

10.     The '936 patent was duly and legally issued by the United States Patent and Trademark Office on January 14, 1997 after full and fair examination.  Plaintiff is the owner under the '936 patent with respect to Defendant, and possesses all right, title and interest in the '936 patent including the right to enforce the '936 patent, and the right to sue Defendant for infringement and recover past damages.

11.     Plaintiff is informed and believes that Defendant infringes the '936 patent either literally or under the doctrine of equivalents.  Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the '936 patent by making, using, and providing a method for distributing information to various locations in a digital network; said

method comprising receiving and outputting synchronous signals and establishing communications through its on-demand video service, in this district and elsewhere in the United States through its website, www.netflix.com, and other Internet-related services. Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the '936 patent by making, using, and providing an information distribution system for a network, consisting of master communications means, distribution amplifiers, communications unit groups, and a master controller means, through its on-demand video service, in this district and elsewhere in the United States through its website and other Internet-related services.

12.     Upon information and belief, Defendant has intentionally induced and continues to induce infringement of one or more claims of the '936 patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled and otherwise caused its customers to use a method for distributing information to various locations in a digital network, said method having been provided by Defendant to its customers for the primary purpose of causing infringing acts by said customers. Defendant has had knowledge of the '936 patent as of July 1, 2011, and, upon information and belief, continues to encourage, instruct, enable and otherwise cause its customers to use its products in a manner which infringes the '936 patent. Upon information and belief, Defendant has specifically intended that its customers use the accused products in such a way that infringes the '936 patent by, at a minimum, providing instructions to its customers on how to use the accused product in such a way that infringes the '936 patent and knew that its actions, including but not limited to providing such instructions, would induce, have induced, and will continue to induce infringement by its customers.

13.     Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

14.     Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

15.     Defendant's infringement of Plaintiff's rights under the '936 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT II:
## INFRINGEMENT OF U.S. PATENT NO. 5,991,801

16.     Plaintiff re-alleges and incorporates by reference each of Paragraph 1-15 above.

17.     The '801 patent was duly and legally issued by the United States Patent and Trademark Office on November 23, 1999 after full and fair examination.  Plaintiff is the owner under the '801 patent with respect to Defendant, and possesses all right, title and interest in the '801 patent including the right to enforce the '801 patent, and the right to sue Defendant for infringement and recover past damages.

18.     Plaintiff is informed and believes that Defendant infringes the '801 patent either literally or under the doctrine of equivalents.  Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the '801 patent by making, using, and providing an information distribution system for a network, consisting of digital storing units, communications unit groups, and a menu storing unit, through its on-demand video service, in this district and elsewhere in the United States through its website, www.netflix.com, and other Internet-related services.

19.     Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

20.     Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

21.     Defendant's infringement of Plaintiff's rights under the '801 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

22.     Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the following relief:

A.      An adjudication that one or more claims of the Patents-in-Suit have been infringed, either literally and/or under the doctrine of equivalents, by the Defendant;

B.      An adjudication that one or more claims of the Patents-in-Suit have been infringed, by customers of the Defendant, said customers having been induced to infringe by the intentional actions of the Defendant;

C.      An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendant's acts of infringement together with prejudgment interest pursuant to 28 U.S.C. § 284;

D.      A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant from further acts of (1) infringement and (2) actively inducing infringement with respect to the claims of the Patents-in-Suit;

E.      That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with U.S.C. § 285; and,

F.      Any further relief that this Court deems just and proper.

Respectfully submitted this 20th day of December, 2012.

STAMOULIS & WEINBLATT LLC

/s/ Stamatios Stamoulis
Stamatios Stamoulis #4606
stamoulis@swdelaw.com
Richard C. Weinblatt #5080
weinblatt@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone:  (302) 999-1540

Douglas L. Bridges
*Pro Hac Vice Application to be Filed*
**HENINGER GARRISON DAVIS, LLC**
169 Dauphin Street,
Suite 100
Mobile, Alabama 36602
Telephone:  (251) 298-8701
Facsimile:  (205) 326-3332
E-mail:  dbridges@hgdlawfirm.com

Jacqueline K. Burt
*Pro Hac Vice Application to be Filed*
**HENINGER GARRISON DAVIS, LLC**
3621 Vinings Slope, Suite 4320
Atlanta, Georgia  30339
Telephone:  (404) 996-0861
Facsimile:  (205) 547-5502
Email:  jburt@hgdlawfirm.com

Dara T. Jeffries
*Pro Hac Vice Application to be Filed*
**HENINGER GARRISON DAVIS, LLC**
3621 Vinings Slope, Suite 4320
Atlanta, Georgia  30339
Telephone:  (404) 996-0867
Facsimile:  (205) 547-5515
Email:  djeffries@hgdlawfirm.com

Jonathan R. Miller
*Pro Hac Vice Application to be Filed*
**HENINGER GARRISON DAVIS, LLC**
3621 Vinings Slope, Suite 4320
Atlanta, Georgia  30339
Telephone:  (404) 996-0863
Facsimile:  (205) 547-5506
Email:  jmiller@hgdlawfirm.com

Joseph C. Gabaeff
*Pro Hac Vice Application to be Filed*
**HENINGER GARRISON DAVIS, LLC**
9800 D Topanga Canyon Boulevard, #347
Chatsworth, CA 91311
Telephone: (205) 326-3336
Facsimile:  (205) 326-3332
Email: jgabaeff@hgdlawfirm.com

Timothy C. Davis
*Pro Hac Vice Application to be Filed*
**HENINGER GARRISON DAVIS, LLC**
2224 1ˢᵗ Avenue North
Birmingham, Alabama 35203
Telephone:  (205) 326-3336
Facsimile:  (205) 326-3332
Email: tdavis@hgdlawfirm.com

***Attorneys for Plaintiff Trans Video Electronics, Ltd.***