# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRANS VIDEO ELECTRONICS, LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No.  12-1743-LPS |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| NETFLIX, INC., ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT NETFLIX, INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S INDUCEMENT OF INFRINGEMENT ALLEGATIONS IN THE COMPLAINT FOR FAILURE TO STATE A CLAIM

OF COUNSEL:

Walter E. Hanley, Jr.
Matthew Berkowitz
KENYON & KENYON LLP
One Broadway
New York, NY  10004-1007
Tel:  (212) 908-6263

Megan Olesek
Michelle McLeod
KENYON & KENYON LLP
1801 Page Mill Road
Suite 210
Palo Alto, CA 94304
Tel: (650) 384-4700

Dated:  July 1, 2013
1112826 / 40241

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Bindu A. Palapura (#5370)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Defendant Netflix, Inc.*

# TABLE OF CONTENTS

**Page**

I.      NATURE AND STAGE OF THE PROCEEDINGS .......................................................1

II.     SUMMARY OF ARGUMENT ................................................................................1

III.    STATEMENT OF FACTS ...................................................................................3

IV.     ARGUMENT ...................................................................................................5

      A.     The Legal Standard on a Motion to Dismiss Under Fed. R. Civ. P.
            12(b)(6).................................................................................................5

      B.     Legal Standard for Inducement of Infringement .................................................6

      C.     TVE's Complaint Fails to State a Claim for Inducement of  Infringement ...........7

            1.     TVE's Complaint Fails to Allege Facts From Which it Could be
                 Inferred that a Netflix Customer Performed all the Claimed
                 Method Steps.........................................................................................7

            2.     TVE's Complaint Fails to Allege Sufficient Facts Demonstrating
                 Actual Knowledge of the '936 Patent ......................................................9

            3.     TVE's Complaint Fails to Allege that Netflix Induced any
                 Infringing Acts or Had the Specific Intent to Infringe .............................9

V.      CONCLUSION .................................................................................................10

**TABLE OF AUTHORITIES**

**Cases**

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
  692 F.3d 1301 (Fed. Cir. 2012) (en banc) ...........................................................6, 7

*Ashcroft v. Iqbal*,
  556 U.S. 662, 129 S. Ct. 1937 (2009) ...............................................................1, 5

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................5

*Circuit City Stores, Inc. v. Citgo Petroleum Corp.*,
  No. 92-cv-7394, 1994 U.S. Dist. LEXIS 12634 (E.D. Pa. Sept. 7, 1994) .................6

*Commil USA, LLC v. Cisco Systems, Inc.*,
  No. 2012-1042, 2013 U.S. App. LEXIS 12943 (Fed. Cir. June 25, 2013) ................7

*Creagri, Inc. v. Pinnaclife Inc.*,
  No. 5:11-cv-06635-LHK, 2013 U.S. Dist. LEXIS 427 (N.D. Cal. Jan. 1, 2013).......6

*DSU Med. Corp. v. JMS Co.*,
  471 F.3d 1293 (Fed. Cir. 2006) (en banc) .........................................................6

*Eon Corp IP Holdings LLC v. FLO TV Inc.*,
  802 F. Supp. 2d 527 (D. Del. July 12, 2011) .....................................................7

*Global-Tech Appliances, Inc. v. SEB S.A.*,
  131 S. Ct. 2060 (2011) ..................................................................................7, 9

*Godlewski v. Affiliated Computer Servs., Inc.*,
  210 F.R.D. 571 (E.D. Va. 2002) ......................................................................6

*Ideal Instruments, Inc. v. Rivard Instruments, Inc.*,
  434 F. Supp. 2d 598 (N.D. Iowa 2006) .............................................................6

*Medtronic Vascular, Inc. v. Boston Scientific Corp.*,
  348 F. Supp. 2d 316 (D. Del. 2004) .................................................................6

*Monec Holdings AG v. Motorola Mobility, Inc. et al.*,
  897 F. Supp. 2d 225 (D. Del. 2012) .......................................................3, 6, 9, 10

*R+L Carriers, Inc. v. DriverTech LLC* (*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*),
  681 F.3d 1323 (Fed. Cir. 2012)........................................................................8

*Vita–Mix Corp. v. Basic Holding, Inc.*,
  581 F.3d 1317 (Fed. Cir. 2009).......................................................................6

*Xpoint Techs. V. Microsoft Corp.*,
  730 F. Supp. 2d 349 (D. Del. 2010) .................................................................7

*Ziptronix, Inc. v. Omnivision Techs., Inc.*,
  No. 10-5525-SBA, 2011 U.S. Dist. LEXIS 129275 (N.D. Cal. Nov. 7, 2011).........6

**TABLE OF AUTHORITIES**

**Rules**

Fed. R. Civ. P. 12 ........................................................................................................... 1, 5, 6

Fed. R. Civ. P. 8 ............................................................................................................. 1, 5, 9

Pursuant to Fed. Rule Civ. P. 12(b)(6), defendant Netflix, Inc. ("Netflix") respectfully submits this opening brief in support of its motion to dismiss plaintiff Trans Video Electronics, Ltd.'s ("TVE") inducement of infringement allegations in the Complaint (D.I. 1) for failure to state a claim.

## I.     NATURE AND STAGE OF THE PROCEEDINGS

TVE filed its Complaint (D.I. 1) against Netflix on December 20, 2012 and served the Complaint on Netflix on April 10, 2013. TVE's Complaint alleges infringement by Netflix of U.S. Patent Nos. 5,594,936 ("the '936 patent") and 5,991,801 ("the '801 patent"). Count I of TVE's complaint alleges both direct and indirect infringement (by inducement) of the '936 patent, while Count II alleges direct infringement of the '801 patent.

By stipulations of the parties, the Court extended Netflix's deadline to respond to the Complaint to July 1, 2013. Netflix now moves to dismiss the allegations of inducement of infringement in the Complaint.

## II.    SUMMARY OF ARGUMENT

The inducement of infringement allegations in TVE's Complaint fail to meet the pleading standards of Fed. R. Civ. P. 8(a). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S. Ct. 1937, 1949 (2009). To state a claim of inducement of infringement, a plaintiff must allege facts from which a court could reasonably infer that there has been direct infringement, and that the alleged inducer had actual knowledge of the patent, knowingly induced the acts of direct infringement, and knew that the induced acts constituted infringement of the patent. TVE's allegation that Netflix has induced infringement of the '936 patent by "causing its customers to use a method for distributing information," fails to allege facts from which any of the required elements of inducement could be inferred.

First, in order to support a claim for induced infringement of the '936 patent based on customers' alleged "use [of] a method," TVE must allege facts from which a court could infer that the customer performed all of the steps of the method, or that the customer controlled or directed performance of steps by others.  TVE's allegation that Netflix's customers "use a method for distributing information" does not allege facts from which it could be inferred that the customers perform all steps of a claimed method or direct or control the performance of the steps by others.

Second, TVE fails to allege facts from which it could be inferred that Netflix had *actual* knowledge of the '936 patent.  TVE asserts that Netflix "had knowledge of the '936 patent as of July 1, 2011," but this allegation does not specify *actual* knowledge of the patent or willful blindness to it (as contrasted with other, insufficient, forms of constructive knowledge). Nor does TVE set forth facts from which actual knowledge or willful blindness could be inferred.  TVE's Complaint is silent as to the nature and source of the alleged knowledge.

Third, even if TVE had sufficiently alleged actual knowledge of the '936 patent, it fails to allege facts from which it could be inferred that Netflix knowingly induced the acts of direct infringement and/or knew that the induced acts constituted infringement of the patent.  TVE's Complaint contains nothing more than boilerplate allegations that Netflix engaged in unspecified "intentional acts" that "encouraged, instructed, enabled and otherwise caused its customers to use a method for distributing information" and that Netflix has caused its customers to use unspecified "accused products in such a way that infringes the '936 patent."  There are no facts alleged from which a court could infer that Netflix induced any customer to perform the steps required by any of the '936 patent method claims.  Nor, for that matter, are there any allegations that Netflix knew that any acts of a customer constituted direct infringement of the '936 patent.

TVE's Complaint is similar (if not more bare) than the complaint filed by Monec Holdings AG in *Monec Holdings AG v. Motorola Mobility, Inc. et al.*, 11-CV-798-LPS-SRF, which this Court dismissed for failure to state a claim for indirect patent infringement. Accordingly, TVE's inducement allegations should be dismissed for failure to state a claim.

## III.   STATEMENT OF FACTS

The related '936 and '801 patents asserted in the Complaint have identical specifications, which describe "an information distribution system for a digital network." (D.I. 1, Exs. A and B, at Abstract). TVE's Complaint alleges that Netflix induced infringement of the '936 patent in paragraph 12, reproduced below:

> 12. Upon information and belief, Defendant has intentionally induced and continues to induce infringement of one or more claims of the '936 patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled and otherwise caused its customers to use a method for distributing information to various locations in a digital network, said method having been provided by Defendant to its customers for the primary purpose of causing infringing acts by said customers. Defendant has had knowledge of the '936 patent as of July 1, 2011, and, upon information and belief, continues to encourage, instruct, enable and otherwise cause its customers to use its products in a manner which infringes the '936 patent. Upon information and belief, Defendant has specifically intended that its customers use the accused products in such a way that infringes the '936 patent by, at a minimum, providing instructions to its customers on how to use the accused product in such a way that infringes the '936 patent and knew that its actions, including but not limited to providing such instructions, would induce, have induced, and will continue to induce infringement by its customers.

Paragraph 12 alleges infringement by Netflix's customers and that Netflix's actions "have induced, and will continue to induce infringement by its customers." Paragraph 12 appears to allege that Netflix's customers are infringing one or more method claims of the '936 patent, stating that Netflix "caused its customers to use a method for distributing information."

The '936 patent has one independent method claim, claim 9, which is directed to a "method of distributing information to various locations in a digital network" and includes the steps of:

> establishing communications with the network in order to receive a synchronous digital signal from the network;
>
> receiving and dividing the synchronous digital signal into a plurality of synchronous signals;
>
> establishing communications with a plurality of receiving stations;
>
> receiving and outputting a respective one of the plurality of synchronous signals to a respective receiving station; and
>
> controlling said receiving and outputting step with a controller unit at a central location.

(D.I. 1, Ex. A, at col. 8:20-33).  Paragraph 12 alleges no facts regarding performance of any method steps by a customer or by anyone else under the direction or control of a customer.

Netflix's customers pay a subscription fee to select video content identified on Netflix's website and have the content delivered to their computers or hand-held devices.  TVE does not allege how a Netflix customer could perform any "method of distributing information to various locations in a digital network," much less a method including all of the steps set forth in clam 9 of the '936 patent.

Paragraph 12 further alleges that Netflix "provided instructions to its customers on how to use the *accused product*."  (Emphasis added.)  But, no "accused product" is identified in paragraph 12 or anywhere else in the Complaint.  Indeed, the term "accused product" appears nowhere else in the Complaint.  The '936 patent claims to a method and a system only—not claims to a product.  (D.I. 1, Exh. A at cols. 7, 8.)

Paragraph 12 further alleges that Netflix "has had knowledge of the '936 patent as of July 1, 2011," but not that Netflix had *actual* knowledge of the patent or was willfully blind to its

4

existence.  Nor does paragraph 12 allege facts permitting an inference that Netflix had actual knowledge of the '936 patent, or was willfully blind to it, at any time before the Complaint was filed.

Paragraph 12 also alleges, in boilerplate fashion, that Netflix "has intentionally induced and continues to induce infringement," and that Netflix "has specifically intended that its customers use the accused products in such a way that infringes," but alleges no facts permitting an inference that Netflix knew that any acts performed by a customer constituted infringement of the '936 patent by the customer.

## IV.    ARGUMENT

### A.    The Legal Standard on a Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)

To state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This requires that the alleged facts, if accepted as true, must "state a claim for relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949.

To survive a Rule 12(b)(6) motion, a complaint must allege facts, that if assumed to be true, amount to "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).  Therefore, a complaint "requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

A motion to dismiss under Rule 12(b) that addresses part of a complaint extends the time to answer as to all claims in the pleading. *Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 434 F. Supp. 2d 598, 639 (N.D. Iowa 2006); *Godlewski v. Affiliated Computer Servs., Inc.*, 210 F.R.D. 571, 572 (E.D. Va. 2002); *Circuit City Stores, Inc. v. Citgo Petroleum Corp.*, No. 92-cv-7394, 1994 U.S. Dist. LEXIS 12634 at *12-13 (E.D. Pa. Sept. 7, 1994).

## B.      Legal Standard for Inducement of Infringement

TVE appears to allege that Netflix's customers are infringing one or more method claims of the '936 patent and that Netflix has induced such actions.  (D.I. 1 at ¶ 12).  In order to state a claim that Netflix induced a customer to infringe a method claim of the '936 patent, TVE must allege facts from which a court could infer that the allegedly induced customer performed "all of the steps of the claimed method, either personally or through another acting under his direction or control."  *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 692 F.3d 1301, 1306 (Fed. Cir. 2012) (en banc); *Creagri, Inc. v. Pinnaclife Inc.*, No. 5:11-cv-06635-LHK, 2013 U.S. Dist. LEXIS 427 at * 9-11 (N.D. Cal. Jan. 1, 2013) ("in the context of a claim for indirect infringement, a plaintiff would, at a minimum, have to identify who allegedly directly infringed and how, or would have to allege that use of some particular product necessarily infringed."); *Ziptronix, Inc. v. Omnivision Techs., Inc.*, No. 10-5525-SBA, 2011 U.S. Dist. LEXIS 129275 at *5-6 (N.D. Cal. Nov. 7, 2011).

Inducement also "requires a showing that the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent."  *Vita–Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009); *see also DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (en banc); *Monec,* 897 F. Supp. 2d at 230-31; *Medtronic Vascular, Inc. v. Boston Scientific Corp.*, 348 F. Supp. 2d 316, 323 (D. Del. 2004).  The specific intent necessary for a finding of

inducement requires more than mere knowledge of the induced acts; rather, the accused infringer must have "knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011); *see also Commil USA, LLC v. Cisco Systems, Inc.,* No. 2012-1042, 2013 U.S. App. LEXIS 12943, at *15-16 (Fed. Cir. June 25, 2013) (holding that evidence of a good faith belief that the patent is invalid may negate the intent required for inducement).  Deliberate indifference to a known risk that a patent exists is not enough; the plaintiff must show actual knowledge or willful blindness.  *Global Tech*, 131 S. Ct. at 2060-68.

"Consistent with this court's heightened pleading requirement for indirect infringement claims," a claim for induced infringement must allege sufficient facts to demonstrate that the claim is plausible.  *Eon Corp IP Holdings LLC v. FLO TV Inc.*, 802 F. Supp. 2d 527, 535 (D. Del. July 12, 2011); *see also Xpoint Techs. V. Microsoft Corp.*, 730 F. Supp. 2d 349, 356 (D. Del. 2010).

### C.   TVE's Complaint Fails to State a Claim for Inducement of  Infringement

TVE's Complaint fails to allege facts from which it could be inferred that (1) a Netflix customer performed all of the steps of a method claimed in the '936 patent, or that the customer controlled or directed performance of steps by others, (2) Netflix had actual knowledge of the '936 patent, and (3) that Netflix possessed the requisite intent to support an inducement finding. Each of these failures independently justifies dismissal.

> 1.   *TVE's Complaint Fails to Allege Facts From Which it Could be Inferred that a Netflix Customer Performed all the Claimed Method Steps*

TVE alleges that Netflix "caused its customers to use a method for distributing information."  (D.I. 1, at ¶ 12).  However, alleging "use" by a customer of a method is not the same as alleging that the customer performed all steps of a method.  *See Akamai Techs.*, 692

7

F.3d at 1306.  "Because liability for indirect infringement of a patent requires direct infringement, [plaintiff's] amended complaints must *plausibly allege* that the [] patent was directly infringed to survive [a] motion to dismiss.  *R+L Carriers, Inc. v. DriverTech LLC* (*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*), 681 F.3d 1323, 1333 (Fed. Cir. 2012) (emphasis added).

As noted previously, the only independent method claim in the '936 patent, claim 9, is directed to a "method of distributing information to various locations in a digital network" and requires several distinct steps, including "receiving and dividing [a] synchronous digital signal into a plurality of synchronous signals," "receiving and outputting a respective one of the plurality of synchronous signals to a respective receiving station," and "controlling said receiving and outputting step with a controller unit at a central location," among others.  (D.I. 1, Ex. A, at col. 8:20-33).  TVE makes no allegation as to how any Netflix customer could "distribut[e] information to various locations in a digital network," much less do so perform all steps set forth in claim 9 of the '936 patent.  TVE does not "plausibly allege" facts from which a court could infer that a customer performed all claimed method steps, or controlled or directed the performance of steps by others, and, therefore, directly infringed the '936 patent.  *R+L Carriers*, 681 F.3d at 1333.  Therefore, with respect to any theory that Netflix induced infringement of a method claim of the '936 patent, the allegations of direct infringement by Netflix's customers are deficient.

Confusingly, TVE further alleges that Netflix "provided instructions to its customers on how to use the *accused product*."  (D.I. 1, at ¶ 12; emphasis added.)  But no "accused product" is defined in the Complaint, nor does the term "accused product" appear anywhere else in the Complaint.  The '936 patent includes claims to a method and claims to a system only—not

claims to a product.  (D.I. 1, Exh. A at cols. 7, 8.)  Therefore the allegations that Netflix induced

customers to use an unidentified "accused product" are deficient on their face and for this reason

alone should be dismissed.

2.   *TVE's Complaint Fails to Allege Sufficient Facts Demonstrating Actual Knowledge of the '936 Patent*

TVE's Complaint fails to allege any facts from which a court could infer that Netflix had

actual knowledge of the '936 patent, as the law requires. *Monec*, 897 F. Supp. 2d at 229.  TVE

alleges only that "Defendant has had knowledge of the '936 patent as of July 1, 2011."  But

alleging "knowledge" is not alleging *actual* knowledge of the patent or willful blindness to its

existence, as opposed to another, insufficient, form of constructive knowledge such as deliberate

indifference, recklessness or negligence. *Global-Tech*, 131 S. Ct. at 2070.  Moreover, alleging

that Netflix "has had knowledge" is a conclusion, not a fact from which such a conclusion could

be drawn.  It is insufficient to meet the pleading standards of Rule 8(a) to merely allege the

conclusion—as TVE does—that Netflix had knowledge as of July 11, 2011.  *See Monec*, 897 F.

Supp. 2d at 232 (collecting cases).  TVE must allege facts supporting that conclusion, such as the

circumstances under which Netflix actually became aware of the patent.  Or, under the willful

blindness standard, TVE must allege facts from which the court could infer that Netflix

deliberately took action to avoid learning of the patent.  *Id.*; *Global-Tech*, 131 S. Ct. at 2070.

TVE fails to allege any of these facts, and thus the induced infringement allegation should be

dismissed.

3.   *TVE's Complaint Fails to Allege that Netflix Induced any Infringing Acts or Had the Specific Intent to Infringe*

In *Monec*, the plaintiff alleged that "[Defendant] instructs customers, both retailers and

end-users, on uses of the [Accused Products], including infringing uses."  (D.I. 34 at ¶¶ 33, 58,

88)  The Court held that such allegations were insufficient to meet the indirect infringement

pleading standards because they were made without reference to any actual facts from which it could be inferred that the knowledge elements were satisfied.  897 F. Supp. 2d at 235. The Court further held that, "[a]llegations of the marketing activities of the Defendants do not, on their own, demonstrate that Defendants knew such activities were infringing or that Defendants possessed the specific intent to encourage another's infringement." *Monec*, 897 F. Supp. 2d at 234.

TVE's allegations regarding intent are substantively indistinguishable from those made by the plaintiff in *Monec*.  TVE offers only boilerplate, threadbare allegations that Netflix "encouraged, instructed, enabled or otherwise caused its customers to use a method . . . ." It does not allege what form the alleged encouragement, instruction, or enablement took, nor that such encouragement, instruction or enablement was undertaken to perform the claimed method specifically.  That is, TVE does not allege any facts as to what the alleged encouragement, instruction or enablement actually was.

As to specific intent, TVE again alleges only that Netflix was "providing instructions to its customers on how to use the accused product in such a way that infringes the '936 patent." Again, TVE does not allege facts from which it could reasonably be inferred that Netflix knew that any acts of a customer constituted infringement of the '936 patent.  Accordingly, its indirect infringement allegations should be dismissed just as in *Monec*.

## V.   <u>CONCLUSION</u>

For the foregoing reasons, Netflix respectfully requests that the Court dismiss TVE's allegations of inducement of infringement in the Complaint.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

By:   _/s/ Richard L. Horwitz_____

Richard L. Horwitz (#2246)
Walter E. Hanley, Jr.
Matthew Berkowitz                          David E. Moore (#3983)
KENYON & KENYON LLP                        Bindu A. Palapura (#5370)
One Broadway                               Hercules Plaza, 6th Floor
New York, NY  10004-1007                   1313 N. Market Street
Tel:  (212) 908-6263                       Wilmington, DE  19801
                                           Tel:  (302) 984-6000
                                           rhorwitz@potteranderson.com
Megan Olesek                               dmoore@potteranderson.com
Michelle McLeod                            bpalapura@potteranderson.com
KENYON & KENYON LLP
1801 Page Mill Road                        *Attorneys for Defendant Netflix, Inc.*
Suite 210
Palo Alto, CA 94304
Tel: (650) 384-4700

Dated:  July 1, 2013
1112826 / 40241

11

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I, Richard L. Horwitz, hereby certify that on July 1, 2013, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on July 1, 2013, the attached document was Electronically Mailed to the following person(s):

| | |
|---|---|
| Stamatios Stamoulis<br>Richard C. Weinblatt<br>Stamoulis & Weinblatt LLC<br>Two Fox Point Centre<br>6 Denny Road, Suite 307<br>Wilmington, DE 19809<br>stamoulis@swdelaw.com<br>weinblatt@swdelaw.com | Jacqueline K. Burt<br>Dara T. Jeffries<br>Jonathan R. Miller<br>Heninger Garrison Davis, LLC<br>3621 Vinings Slope, Suite 4320<br>Atlanta, GA 30339<br>jburt@hgdlawfirm.com<br>djeffries@hgdlawfirm.com<br>jmiller@hgdlawfirm.com<br>jmcdonough@hgdlawfirm.com |
| Douglas L. Bridges<br>Heninger Garrison Davis, LLC<br>169 Dauphin Street, Suite 100<br>Mobile, AL 36602<br>dbridges@hgdlawfirm.com | Joseph C. Gabaeff<br>Heninger Garrison Davis, LLC<br>9800 D Topanga Canyon Blvd., #347<br>Chatsworth, CA 91311<br>jgabaeff@hgdlawfirm.com |
| Timothy C. Davis<br>Heninger Garrison Davis, LLC<br>2224 1st Avenue North<br>Birmingham, AL 35203<br>tdavis@hgdlawfirm.com | |

By:   */s/ Richard L. Horwitz*
      Richard L. Horwitz
      David E. Moore
      Bindu A. Palapura
      POTTER ANDERSON & CORROON LLP
      Tel: (302) 984-6000
      rhorwitz@potteranderson.com
      dmoore@potteranderson.com
      bpalapura@potteranderson.com