IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TRANS VIDEO ELECTRONICS, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-1743-LPS |
| | ) | |
| NETFLIX, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Presently pending before the Court is Defendant Netflix, Inc.'s ("Defendant" or "Netflix") motion (the "Motion") seeking to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff Trans Video Electronics, Ltd.'s ("Plaintiff" or "TVE") induced infringement claim in Plaintiff's Complaint. (D.I. 12)

For the reasons that follow, I recommend that Defendant's Motion be GRANTED without prejudice.

### I. BACKGROUND

On December 20, 2012, Plaintiff commenced this action, asserting that Defendant directly infringes the two patents-in-suit, U.S. Patent Nos. 5,594,936 ("the '936 patent") and 5,991,801 ("the '801 patent") and indirectly infringes the '936 patent. (D.I. 1) In lieu of answering the Complaint, Defendant filed the Motion on July 1, 2013. (D.I. 12) On February 4, 2014, Judge Leonard P. Stark referred the Motion to the Court for resolution. (D.I. 22)[1]

---

[1] After standard briefing was completed on the Motion, Plaintiff filed a motion seeking leave to file a sur-reply brief, (D.I. 18), a motion that itself became the subject of a full round of briefing, (D.I. 19, 21). Judge Stark also referred this additional motion to the Court for resolution. (D.I. 22) "A Court may grant leave to file a sur-reply if it responds to new evidence, facts, or arguments." *St. Clair Intellectual Prop. Consultants, Inc. v. Samsung Elecs. Co. Ltd.*, 291 F.R.D. 75, 80 (D. Del. 2013). Having reviewed the submissions of the parties, the Court

## II. LEGAL STANDARD

The sufficiency of pleadings for non-fraud cases is governed by Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When presented with a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the court separates the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions." *Id.* at 210-11. Second, the court determines "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). In assessing the plausibility of a claim, the court must "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler*, 578 F.3d at 210 (citing *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).[2]

---

concludes that Defendant did not raise "new arguments" in its Reply brief regarding the Motion; instead, the complained-of material was responsive to theories and arguments raised in Plaintiff's answering brief, which themselves were relevant to topics addressed in Defendant's opening brief. Therefore, the motion seeking leave to file a sur-reply is DENIED.

[2] While the sufficiency of allegations of direct infringement are measured by whether they comply with Form 18 of the Federal Rules of Civil Procedure, the general principles of *Twombly* and *Iqbal* apply to indirect infringement claims. *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1336-37 (Fed. Cir. 2012).

2

## III. DISCUSSION

Here, Defendant challenges the sufficiency of Plaintiff's allegations of induced infringement as to the '936 patent on various grounds. The Complaint's allegations as to direct and induced infringement regarding the '936 patent are as follows:

> 11. Plaintiff is informed and believes that Defendant infringes the '936 patent either literally or under the doctrine of equivalents. Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the '936 patent by making, using, and providing a method for distributing information to various locations in a digital network; said method comprising receiving and outputting synchronous signals and establishing communications through its on-demand video service, in this district and elsewhere in the United States through its website, www.netflix.com, and other Internet-related services. Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the '936 patent by making, using, and providing an information distribution system for a network, consisting of master communications means, distribution amplifiers, communications unit groups, and a master controller means, through its on-demand video service, in this district and elsewhere in the United States through its website and other Internet-related services.
>
> 12. Upon information and belief, Defendant has intentionally induced and continues to induce infringement of one or more claims of the '936 patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled and otherwise caused its customers to use a method for distributing information to various locations in a digital network, said method having been provided by Defendant to its customers for the primary purpose of causing infringing acts by said customers. Defendant has had knowledge of the '936 patent as of July 1, 2011, and, upon information and belief, continues to encourage, instruct, enable and otherwise cause its customers to use its products in a manner which infringes the '936 patent. Upon information and belief, Defendant has specifically intended that its customers use the accused products in such a way that infringes the '936 patent by, at a minimum, providing instructions to its customers on how to use the accused product in such a way that

> infringes the '936 patent and knew that its actions, including but not limited to providing such instructions, would induce, have induced, and will continue to induce infringement by its customers.

(D.I. 1 at ¶¶ 11-12)

Pursuant to 35 U.S.C. § 271(b), "[w]hoever actively induces infringement of a patent shall be liable as an infringer." In order to prove induced infringement, the patentee "must show direct infringement, and that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1363 (Fed. Cir. 2012) (internal quotation marks and citation omitted).

### A. Knowledge of the '936 Patent

To properly plead an induced infringement claim, a plaintiff must, *inter alia*, plausibly allege facts indicating that the defendant had knowledge of the patents-in-suit at the time of the alleged infringement. *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 230-31 (D. Del. 2012) (adopting Report and Recommendation). Defendant asserts that the Complaint fails to allege sufficient facts from which the Court could infer that it had pre-suit knowledge of the '936 patent. (D.I. 13 at 9; D.I. 17 at 6-7)

The Court agrees, as the Complaint's only reference to pre-suit knowledge of the patent is a statement that "Defendant has had knowledge of the '936 patent as of July 1, 2011[,]" (D.I. 1 at ¶ 12)—a statement that references no facts regarding the means by which notice was conveyed, nor what it was about the notice that is alleged to have provided knowledge of the patent. *See HSM Portfolio LLC v. Fujitsu Ltd.*, Civil Action No. 11-770-RGA, 2012 WL 2580547, at *1 (D. Del. July 3, 2012) (finding allegation that purported indirect infringer was "placed on notice of its infringement" as of a particular date insufficient because those allegations of knowledge were

4

otherwise "wholly unsupported by any factual allegations"); *cf. Pragmatus AV, LLC v. Yahoo! Inc.*, Civil Action No. 11-902-LPS-CJB, 2012 WL 6044793, at *15 (D. Del. Nov. 13, 2012) (finding that assertion in complaint that defendant was provided with "written notice of its infringement" was, without more, insufficient to allow plausible inference of pre-suit knowledge that its users' acts constituted infringement), *report and recommendation adopted*, 2013 WL 2295344 (D. Del. May 24, 2013). Plaintiff's arguments to the contrary are largely based on the contents of a July 1, 2011 notice letter it purportedly sent to Defendant that referenced and attached *the '801 patent* (a patent that itself references the '936 patent), a letter Plaintiff attaches to its briefing. (D.I. 15 at 9-10) Since the letter itself and its contents are not quoted or even clearly referenced in the Complaint (nor attached thereto), the Court declines to consider them here. *See Stratechuk v. Bd. of Educ.*, 200 F. App'x 91, 94 (3d Cir. 2006); *see also Watson v. Dep't of Servs. For Children, Youths and Their Families, Del.*, Civ. No. 10-978-LPS, 2012 WL 1134512, at *2 (D. Del. Mar. 30, 2012) (noting that in reviewing Rule 12(b)(6) motions, a court may consider only the complaint and documents referenced in or attached to it).

To the extent Plaintiff intends to limit its allegations to the time period after it served the Complaint, (D.I. 15 at 10), sufficient knowledge of the patent's existence is provided by the Complaint's filing. *See Clouding IP, LLC v. Google Inc.*, C.A. No. 12-639-LPS, 2013 WL 5176702, at *1 (D. Del. Sept. 16, 2013). Plaintiff would still be required to have pled the requisite facts regarding other elements of an inducement claim, *id.*, which the Court takes up below.

      B.      **Knowledge that Direct Infringer's Acts Constituted Infringement**

A plaintiff must also allege facts plausibly showing that the defendant had knowledge that the alleged direct infringer's acts constituted infringement. *See Pragmatus AV, LLC*, 2013 WL 2295344, at *1 (citing *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012)). While a plaintiff need not "prove its case at the pleading stage[,]" what is required is that the facts pled, "when considered in their entirety and in context, lead to the common sense conclusion that a patented method is being practiced." *In re Bill of Lading*, 681 F.3d at 1339, 1343.

Defendant asserts that the Complaint fails to allege facts from which it could be plausibly inferred that the alleged direct infringers' (who are alleged to be Netflix's "customers") conduct infringes a method of the '936 patent and that Defendant knew that this conduct infringes. (D.I. 13 at 7-10) Indeed, here, the Complaint asserts only that Defendant's actions have induced infringement by "caus[ing] its customers to use a method for distributing information to various locations in a digital network" and that by providing (unspecified) instructions on how to do so, Defendant knew that it would be inducing infringement. (D.I. 1 at ¶ 12) However, this assertion of infringing use, as Defendant notes, merely "parrots [a portion] of the preamble of claim 9 of '936 patent" (the only independent method claim in the patent)—it does not give any hint as to how the customers' actions are said to relate to the content of the method-at-issue. (D.I. 17 at 4 (citing '936 patent, col. 8:20-21)) Relatedly, the Complaint is silent even as to what it is that the customers are alleged to have actually done that is asserted to amount to the "use" of such a method. Instead, the Complaint goes on only to state that Defendant intended that its customers "use the accused product *in such a way* that infringes the '936 patent"—but never states in what "way" the customers are asserted to act that might allow the plausible inference that the patented

6

method at issue is being practiced. (D.I. 1 at ¶ 12 (emphasis added))[3] In such a circumstance, Plaintiff has failed to sufficiently allege Defendant's knowledge of infringing conduct by its customers. *See, e.g., Bonutti Skeletal Innovations LLC v. Smith & Nephew, Inc.*, Civil Action No. 12-1111-GMS, 2013 WL 6058472, at *2 n.5 (D. Del. Nov. 18, 2013) (finding that plaintiff's bare "[a]llegations that [defendant] knew of [plaintiff's] patents and of its customers' use of [defendant's] products do not suffice to establish that [defendant] also knew that its customers' use of [defendant's] own products would amount to infringement of [plaintiff's] patents" and thus granting motion to dismiss induced infringement claims); *Pragmatus AV, LLC v. TangoMe, Inc.*, Civil Action No. 11-1092-LPS, 2013 WL 571798, at *12 (D. Del. Feb. 13, 2013) (complaint that included no factual allegations "about how the use of [defendant's] video conference services and products relates to the patented methods referenced in the claims of the patents-at-issue" was insufficient).

### C. Specific Intent to Induce Infringement (i.e., to Encourage Infringement by the Direct Infringer)

A plaintiff must also allege facts to allow for the plausible inference that the indirect infringer had the specific intent to induce infringement by the direct infringer (that is, that the indirect infringer *encouraged* the direct infringement). *See Pragmatus AV, LLC*, 2013 WL 2295344, at *1; *see also Symantec Corp. v. Computer Assocs. Int'l, Inc.*, 522 F.3d 1279, 1292-93 (Fed. Cir. 2008) ("Thus, 'inducement requires evidence of culpable conduct, *directed to*

---

[3] To the extent that Plaintiff's reference in its answering brief to post-Complaint communications between itself and Defendant, (D.I. 15 at 8-9), is meant to suggest that the content of such communications can be taken into account for purposes of review of this Rule 12(b)(6) motion, again, the Court disagrees.

*encouraging* another's infringement, not merely that the inducer had knowledge of the direct infringer's activities.'") (emphasis added) (citation omitted).

Defendant asserts that the Complaint fails to allege facts from which it could be plausibly inferred that it specifically intended (i.e., took acts directed to encouraging) its customers' infringement. (D.I. 13 at 9-10; D.I. 17 at 8-9) The Complaint alleges that Defendant has done so by "at a minimum, providing instructions to its customers on how to use the accused product in such a way that infringes the '936 patent[.]" (D.I. 1 at ¶ 12)

Here, in the absence of facts pled relating to how Defendant's customer's actions are said to amount to infringement of a patented method, the bare reference to "instructions . . . on how to use the accused product in such a way that infringes" is a nullity. And because the content of those "instructions" is not further set out in the Complaint, their content cannot be relied upon to help fill in the blanks.[4] *MONEC Holding AG*, 897 F. Supp. 2d at 234 (finding that, in the absence of sufficient factual allegations regarding defendant's knowledge that direct infringer's activities were infringing, assertions that defendant's "selling, advertising, supplying and instructing its . . . customers on the use of the infringing product" were not, "on their own" sufficient to set out a plausible allegation of specific intent to induce infringement); *see also Synopsys, Inc. v. ATopTech, Inc.*, Case No. C 13-cv-02965 SC, 2013 WL 5770542, at *15-16

---

[4] Here again, in its answering brief, Plaintiff cites to certain instructions that Netflix customers are provided on Netflix's website, as indication of the type of "instructions" it was referring to in the Complaint. (D.I. 15 at 12-13) Again, the Court cannot rely on these outside-the-pleadings citations to save the claim at issue. And while instructions provided on a website might be the kind of thing that could encourage a customer to directly infringe a patent, here it is worth noting that in the absence of more factual detail regarding the contours of those infringement allegations, it is not necessarily intuitive as to how the instructions cited amount to the encouragement of infringement of, for example, claim 9 of the patent.

(N.D. Cal. Oct. 24, 2013) (finding allegation that defendant induced infringement "by dictating by its . . . instructions to users thereto the manner in which the software is used causing such infringement" insufficient, as plaintiff failed to "[plead] facts as to how [d]efendant's . . . instruction [was] meant to induce or encourage" the direct infringers) (internal quotation marks and citations omitted). In light of the lack of facts pled linking up any "instructions" with conduct plausibly asserted to amount to direct infringement, the allegations as to this element, then, are insufficient as well.

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that the District Court GRANT Defendant's Motion. As it is within the Court's discretion to grant leave to amend, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), because amendment should be allowed "when justice so requires[,]" Fed. R. Civ. P. 15(a)(2), and because it is not clear that amendment would cause undue prejudice or would be futile, the Court recommends that Plaintiff be given leave to file an amended complaint addressing the deficiencies outlined above. *See, e.g., Pragmatus AV, LLC*, 2013 WL 2295344, at *2.

The Court also orders that Plaintiff's motion seeking leave to file a sur-reply brief is DENIED.[5]

---

[5] In its answering brief as to the Motion, Plaintiff repeatedly makes assertions like the following: "Netflix's Motion is replete with wholesale misrepresentations and omissions of case law in ways that go beyond even the most aggressive forms of advocacy" or "Netflix Openly Misrepresented And Omitted Controlling Law in its Motion to Dismiss" or "Netflix has taken positions in its Motion to Dismiss that go beyond any reasonable form of advocacy" or "Netflix grossly misrepresented the holding [of a case]" or "[Defendant's] omission is troubling" and "unsettling" or "Given the magnitude of the misrepresentations articulated above, TVE is concerned that Netflix has crossed the threshold of advocacy in such a way that attention from this Court is required." (D.I. 15 at 2, 14-20) It suggests that Defendant's briefing might amount

9

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the Court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the District Court's website, located at http://www.ded.uscourts.gov.

Dated: March 4, 2014

*Christopher J. Burke*
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE

---

to "sanctionable conduct" and urges that "appropriate actions be taken by this Court in response to Netflix's misrepresentation and omissions concerning the law governing its Motion." (*Id.* at 19-20) The Court, having reviewed the allegations made by Plaintiff, concludes that to the extent that Defendant failed to address or cite portions of certain case law that Plaintiff asserts should have been raised, it appears that this failure was due to the lack of clarity as to what Plaintiff was actually alleging in its Complaint (i.e., as to who the direct infringer or infringers were alleged to be, or whether pre-suit or post-suit knowledge was being put at issue, etc.).