**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **TRANS VIDEO ELECTRONICS, LTD.,** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **NETFLIX, INC.,** <br><br> **Defendant.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | **Civil Action No. 1:12-cv-1743-LPS** <br><br> **JURY TRIAL DEMANDED** |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Trans Video Electronics, Ltd. ("Plaintiff" or "TVE"), by and through its undersigned counsel, files this First Amended Complaint for patent infringement against Defendant Netflix, Inc. ("Defendant" or "Netflix") as follows[1]:

**NATURE OF THE ACTION**

1. This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent No. 5,594,936 entitled "*Global Digital Video News Distribution System*" (hereinafter, the "'936 patent") and United States Patent No. 5,991,801 entitled "*Global Digital Video News Distribution System*" (hereinafter, the "'801 patent") (collectively referred to as the "Patents-in-Suit"). Copies of the Patents-in-Suit are attached hereto as Exhibits B and C, respectively. Plaintiff is the owner of the Patents-in-Suit. Plaintiff seeks monetary damages.

[1] TVE's Original Complaint was filed on December 20, 2012. A "Redline" comparison of this document to the Original Complaint is attached as Exhibit A.

## PARTIES

2. TVE is a limited liability company organized under the laws of the State of Indiana, and maintains its principal place of business at 4115 Wisconsin Avenue, NW, Suite 208, Washington, DC 20016.

3. Plaintiff is the owner of the Patents-in-Suit, and possesses all rights thereto, including the exclusive right to exclude the Defendant from making, using, selling, offering to sell or importing in this district and elsewhere into the United States the patented invention(s) of the Patents-in-Suit, the right to sublicense the Patents-in-Suit, and to sue the Defendant for infringement and recover past damages.

4. Upon information and belief, Defendant is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business located at 100 Winchester Circle, Los Gatos, California, 95032.

## JURISDICTION AND VENUE

5. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

6. The Court has personal jurisdiction over Defendant because: Defendant has minimum contacts within the State of Delaware and in the District of Delaware; Defendant has purposefully availed itself of the privileges of conducting business in the State of Delaware and in the District of Delaware; Defendant has sought protection and benefit from the laws of the State of Delaware; Defendant regularly conducts business within the State of Delaware and within the District of Delaware, and Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Delaware and in the District of Delaware.

7. More specifically, Defendant, directly and/or through its intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of an interactive web page) its products and services in the United States, the State of Delaware, and the District of Delaware. Upon information and belief, Defendant and/or its customers have committed patent infringement in the State of Delaware and in the District of Delaware, and/or has intentionally induced others to commit patent infringement in the State of Delaware and in the District of Delaware. Defendant solicits customers in the State of Delaware and in the District of Delaware. Defendant has many paying customers who are residents of the State of Delaware and the District of Delaware and who use Defendant's products and services in the State of Delaware and in the District of Delaware.

8. Venue is proper in the District of Delaware pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I:
## INFRINGEMENT OF U.S. PATENT NO. 5,594,936

9. Plaintiff re-alleges and incorporates by reference each of Paragraph 1-8 above.

10. The '936 patent was duly and legally issued by the United States Patent and Trademark Office on January 14, 1997 after full and fair examination. Plaintiff is the owner under the '936 patent, and possesses all right, title and interest in the '936 patent including the right to enforce the '936 patent, and the right to sue Defendant for infringement and recover past damages.

11. On July 1, 2011, TVE sent a letter to the General Counsel of Netflix with the subject line of "Infringement of U.S. Patent No. 5,991,801," and in which TVE indicated that Netflix's products infringe numerous claims of the '801 patent. *See* Letter to David Hyman, Esq., dated July 1, 2011, attached as Exhibit D (the "Notice Letter"). TVE included with the

Notice Letter a copy of the ’801 Patent, which clearly references the ’936 Patent on its face. On the first page of the ’801 Patent, under the “Related U.S. Application Data” field, the patent plainly states that the ’801 Patent is a “[d]ivision of application No. 08/085,329, Jul. 2, 1993, Pat. No. 5,594,936.” Netflix continues to sell its products at www.netflix.com.

12. On May 16, 2013, TVE provided Netflix with a detailed claim chart that identified, element by element, exactly how the on-demand video services at www.netflix.com perform each step of one of the process claims of the ’936 Patent.[2] Netflix continues to sell its products at www.netflix.com.

13. Plaintiff is informed and believes that Defendant infringes the ’936 patent either literally or under the doctrine of equivalents. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least claim 9, of the ’936 patent by making, using, and providing a method for distributing information to various locations in a digital network; said method comprising receiving and outputting synchronous signals and establishing communications through its on-demand video service, in this district and elsewhere in the United States through its website, www.netflix.com, and other Internet-related services. Upon information and belief, Defendant has infringed and continues to infringe one or more system claims of the ’936 patent by making, using, and providing an information distribution system for a network, consisting of master communications means, distribution amplifiers, communications unit groups, and a master controller means, through its on-demand video service, in this district and elsewhere in the United States through its website and other Internet-related services.

[2] This chart was sent to Netflix under a Federal Rule of Evidence 408 agreement executed by the parties, so TVE is unable to provide as an Exhibit the charts or the email to which the chart was attached.

14. Upon information and belief, Defendant has intentionally induced and continues to induce infringement of one or more claims of the ’936 patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled and otherwise caused its customers to use a method for distributing information to various locations in a digital network, said method having been provided by Defendant to its customers for the primary purpose of causing infringing acts by said customers. For example, on the “How it Works” tab on www.netflix.com, customers and potential customers are instructed on how to use Netflix’s products on a number of electronic devices. *See* www.netflix.com website, attached as Exhibit E. Defendant has had knowledge of the ’936 patent as of July 1, 2011 when it received the Notice Letter from TVE, and at the very latest, upon filing of the Original Complaint. Netflix continues to encourage, instruct, enable and otherwise cause its customers to use its products in a manner which infringes the ’936 patent. Upon information and belief, Defendant has specifically intended that its customers use the accused products in such a way that infringes the ‘936 patent by, at a minimum, providing instructions to its customers on how to use the accused product in such a way that infringes the ’936 patent and knew that its actions, including but not limited to providing such instructions, would induce, have induced, and will continue to induce infringement by its customers. Specifically, on the “How it Works” tab on www.netflix.com, customers and potential customers that Netflix instructs may “instantly watch unlimited movies & TV episodes streaming over the Internet to your TV via a PS3, Wii, Xbox 360 or any other device that streams from Netflix. You can also watch instantly on your computer too!” *See* Ex. E. Customers are further instructed on exactly how to infringe using the specific viewing devices they own:

**How to watch instantly**

How do I watch instantly on my TV?

You can watch instantly via your Xbox 360, PS3, Wii or any other device that streams instantly from Netflix.

**Xbox 360**
Simply click on Netflix in the Video Marketplace. Follow the onscreen instructions to connect your Xbox 360 to your Netflix account. Xbox LIVE Gold membership is required.

**PS3**
On your PS3, visit the PlayStation Network section of the main menu. Simply install Netflix from the "What's New" area and follow the onscreen instructions.

**Wii**
Simply click on Netflix in the Wii Shop Channel. Follow the onscreen instructions to connect your Wii to your Netflix account.

**Other Devices**
You can also watch instantly via some Internet connected Blu-ray players and HDTVs. Click here to see a list of these other devices.

You can also watch instantly via your TiVo or Roku. Click here for more details.

Can I watch instantly on my smartphone or tablet too?

Yes. You can watch on your iPad or iPhone, as well as your Android or Windows phone or tablet. Just download the FREE Netflix application from the app store and log into your Netflix account.

*See* Ex. E.

15. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

16. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

17. Defendant's infringement of Plaintiff's rights under the '936 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

**COUNT II:**
**INFRINGEMENT OF U.S. PATENT NO. 5,991,801**

18. Plaintiff re-alleges and incorporates by reference each of Paragraphs 1-17 above.

19. The ‘801 patent was duly and legally issued by the United States Patent and Trademark Office on November 23, 1999 after full and fair examination. Plaintiff is the owner under the ‘801 patent, and possesses all right, title and interest in the ‘801 patent including the right to enforce the ‘801 patent, and the right to sue Defendant for infringement and recover past damages.

20. On July 1, 2011, TVE sent a letter to the General Counsel of Netflix with the subject line of “Infringement of U.S. Patent No. 5,991,801,” and in which TVE indicated that Netflix’s products infringe numerous claims of the ‘801 patent. *See* Letter to David Hyman, Esq., dated July 1, 2011, attached as Exhibit D (the “Notice Letter”). TVE included with the Notice Letter a copy of the ‘801 Patent. Netflix continues to sell its products at www.netflix.com.

21. On May 16, 2013, TVE provided Netflix with a detailed claim chart that identified, element by element, exactly how the on-demand video services at www.netflix.com meet each limitation of at least one system claim of the ’801 Patent.[3] Netflix continues to sell its products at www.netflix.com.

22. Plaintiff is informed and believes that Defendant infringes the ’801 patent either literally or under the doctrine of equivalents. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least claims 4 and 10 of the ’801 patent by making, using, and providing an information distribution system for a network, consisting of digital storing units, communications unit groups, and a menu storing unit, through

[3] This chart was also sent to Netflix under a Federal Rule of Evidence 408 agreement executed by the parties, and as with the chart provided with respect to the ‘936 Patent, TVE is unable to provide as an Exhibit the charts or the email to which the chart was attached.

its on-demand video service, in this district and elsewhere in the United States through its website, www.netflix.com, and other Internet-related services.

23. Upon information and belief, Defendant has intentionally induced and continues to induce infringement of one or more claims of the ’801 patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled and otherwise caused its customers to use an information distribution system for a network, consisting of master communications means, distribution amplifiers, communications unit groups, and a master controller means, through its on-demand video service, said system having been provided by Defendant to its customers for the primary purpose of causing infringing use by said customers. For example, on the “How it Works” tab on www.netflix.com, customers and potential customers are instructed on how to use Netflix’s products on a number of electronic devices. *See* www.netflix.com website, attached as Exhibit E. Defendant has had knowledge of the ’801 patent as of July 1, 2011 when it received the Notice Letter from TVE, and at the very latest, upon filing of the Original Complaint. Netflix continues to encourage, instruct, enable and otherwise cause its customers to use its products in a manner which infringes the ’801 patent. Upon information and belief, Defendant has specifically intended that its customers use the accused products in such a way that infringes the ‘801 patent by, at a minimum, providing instructions to its customers on how to use the accused product in such a way that infringes the ’801 patent and knew that its actions, including but not limited to providing such instructions, would induce, have induced, and will continue to induce infringement by its customers. Specifically, on the “How it Works” tab on www.netflix.com, customers and potential customers that Netflix instructs may “instantly watch unlimited movies & TV episodes streaming over the Internet to your TV via a PS3, Wii, Xbox 360 or any other

device that streams from Netflix. You can also watch instantly on your computer too!" *See* Ex. E. Customers are further instructed on exactly how to infringe using the specific viewing devices they own:

**How to watch instantly**

How do I watch instantly on my TV?

You can watch instantly via your Xbox 360, PS3, Wii or any other device that streams instantly from Netflix.

**Xbox 360**
Simply click on Netflix in the Video Marketplace. Follow the onscreen instructions to connect your Xbox 360 to your Netflix account. Xbox LIVE Gold membership is required.

**PS3**
On your PS3, visit the PlayStation Network section of the main menu. Simply install Netflix from the "What's New" area and follow the onscreen instructions.

**Wii**
Simply click on Netflix in the Wii Shop Channel. Follow the onscreen instructions to connect your Wii to your Netflix account.

**Other Devices**
You can also watch instantly via some Internet connected Blu-ray players and HDTVs. Click here to see a list of these other devices.

You can also watch instantly via your TiVo or Roku. Click here for more details.

Can I watch instantly on my smartphone or tablet too?

Yes. You can watch on your iPad or iPhone, as well as your Android or Windows phone or tablet. Just download the FREE Netflix application from the app store and log into your Netflix account.

*See* Ex. E.

24. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

25. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

26. Defendant's infringement of Plaintiff's rights under the '801 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

27. Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

28. Plaintiff respectfully requests the following relief:

A. An adjudication that one or more claims of the Patents-in-Suit have been infringed, either literally and/or under the doctrine of equivalents, by the Defendant;

B. An adjudication that one or more claims of the Patents-in-Suit have been infringed, by customers of the Defendant, said customers having been induced to infringe by the intentional actions of the Defendant;

C. An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendant's acts of infringement together with prejudgment interest pursuant to 28 U.S.C. § 284;

D. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with U.S.C. § 285; and,

E. Any further relief that this Court deems just and proper.

Respectfully submitted this 21st day of March, 2014.

*s/ Stamatios Stamoulis*
Stamatios Stamoulis, #4606
stamoulis@swdelaw.com
Richard C. Weinblatt, #5080
weinblatt@swdelaw.com
**STAMOULIS & WEINBLATT LLC**
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540

Jacqueline K. Burt, *Pro Hac Vice*
Email: jburt@hgdlawfirm.com
James F. McDonough, III, *Pro Hac Vice*
Email: jmcdonough@hgdlawfirm.com
Dara T. Jeffries, *Pro Hac Vice*
Email: djeffries@hgdlawfirm.com
Jonathan R. Miller
Email: jmiller@hgdlawfirm.com
**HENINGER GARRISON DAVIS, LLC**
3621 Vinings Slope, Suite 4320
Atlanta, Georgia 30339
Telephone: (404) 996-0861, 0867, 0863
Facsimile: (205) 547-5502, 5515, 5506

Timothy C. Davis, *Pro Hac Vice*
Email: tim@hgdlawfirm.com
**HENINGER GARRISON DAVIS, LLC**
2224 1st Avenue North
Birmingham, Alabama 35203
Telephone: (205) 326-3336
Facsimile: (205) 326-3332

***Attorneys for Plaintiff TransVideo Electronics, Ltd.***

**CERTIFICATE OF SERVICE**

I, Stamatios Stamoulis, hereby certify that on March 21, 2014, the attached document was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

*s/ Stamatios Stamoulis*
Stamatios Stamoulis, #4606