**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| TRANS VIDEO ELECTRONICS, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 12-1743-LPS |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| NETFLIX, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**NETFLIX, INC.'S ANSWER AND DEFENSES**
**TO TRANS VIDEO ELECTRONICS, LTD.'S**
**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Netflix, Inc. ("Defendant" or "Netflix"), by and through its undersigned counsel, hereby responds below to the First Amended Complaint of Trans Video Electronics, Ltd. ("Plaintiff" or "TVE") in this action. Netflix denies all allegations of the First Amended Complaint that are not expressly admitted herein. Each paragraph of this Answer corresponds to the same-numbered paragraph in the First Amended Complaint.

**NATURE OF THE ACTION**

1. Netflix admits TVE alleges infringement of United States Patent No. 5,594,936 entitled *"Global Digital Video News Distribution System"* (the "'936 patent") and United States Patent No. 5,991,801 entitled *"Global Digital Video News Distribution System"* (the "'801 patent"), although Netflix denies it infringes either patent or that either patent is valid. Netflix also admits TVE seeks monetary damages in paragraph 1 of the First Amended Complaint, although Netflix denies TVE is entitled to any monetary damages. Netflix admits copies of the '936 and '801 patents were attached to the First Amended Complaint, but Netflix lacks sufficient knowledge and/or information to form a belief as to whether the copies were complete and

accurate copies. Netflix lacks sufficient knowledge and/or information to form a belief as to the truth of the remaining allegations in paragraph 1, and to that extent denies the same.

## PARTIES

2. Netflix lacks sufficient knowledge and/or information to form a belief as to the truth of the allegations in paragraph 2, and to that extent denies the same.

3. Netflix lacks sufficient knowledge and/or information to form a belief as to the truth of the allegations in paragraph 3, and to that extent denies the same

4. Netflix admits that it is a Delaware corporation with a principal place of business at 100 Winchester Circle, Los Gatos, CA 95032.

## JURISDICTION AND VENUE

5. Netflix admits that the First Amended Complaint purports to initiate an action for patent infringement arising under the patent laws of the United States, contained in Title 35 of the United States Code. Netflix admits that this Court has subject matter jurisdiction over claims for patent infringement. Netflix denies it has committed any act that would give rise to any cause of action asserted in the First Amended Complaint.

6. For the purpose of this lawsuit only, Netflix does not contest personal jurisdiction of this Court over Netflix. Netflix denies that it has committed any act in this judicial district or elsewhere that would give rise to any cause of action asserted in the First Amended Complaint. Netflix denies the remaining allegations in paragraph 6.

7. Netflix admits its website can be accessed by individuals in this District. Netflix denies that it has committed patent infringement in the State of Delaware and in the District of Delaware, or that it has intentionally induced others to commit patent infringement in the State of Delaware and in the District of Delaware. Netflix lacks sufficient knowledge and/or information

to form a belief as to the truth of the remaining allegations in paragraph 7, and to that extent denies the same.

8. Denied.

**COUNT I:**
**INFRINGEMENT OF U.S. PATENT NO. 5,594,936**

9. Netflix incorporates its answers in paragraphs 1 through 8 herein by reference.

10. Denied.

11. Netflix admits it received a copy of the letter attached as Exhibit D to the First Amended Complaint in July 2011. Netflix denies the remaining allegations of paragraph 11.

12. Denied.

13. Denied.

14. Netflix admits its website includes information about using Netflix on a variety of devices. Netflix lacks information as to whether the excerpt in paragraph 14 allegedly taken from Netflix's website was accurately captured and therefore denies the allegations regarding the same. Netflix denies the remaining allegations in paragraph 14.

15. Denied.

16. Denied.

17. Denied.

**COUNT II:**
**INFRINGEMENT OF U.S. PATENT NO. 5,991,801**

18. Netflix incorporates its answers in paragraphs 1 through 17 herein by reference.

19. Denied.

20. Netflix admits it received a copy of the letter attached as Exhibit D to the First Amended Complaint in July 2011. Netflix denies the remaining allegations of paragraph 20.

21. Denied.

22. Denied.

23. Netflix admits its website includes information about using Netflix on a variety of devices. Netflix lacks information as to whether the excerpt in paragraph 23 allegedly taken from Netflix's website was accurately captured and therefore denies the allegations regarding the same. Netflix denies the remaining allegations in paragraph 23.

24. Denied.

25. Denied.

26. Denied.

## JURY DEMAND

27. No response to TVE's jury demand is required.

## PRAYER FOR RELIEF

28. Netflix denies TVE is entitled to any of the relief requested in the First Amended Complaint.

## DEFENSES

29. Netflix incorporates the above admissions and denials in paragraphs 1-28.

## FIRST DEFENSE (Failure to State a Claim)

30. TVE's First Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE (No Infringement)

31. Netflix does not infringe and has not infringed any valid and enforceable claim of either the '936 patent or the '801 patent, either literally or under the doctrine of equivalents.

Netflix also does not induce or contribute to, and has not induced or contributed to, infringement of any valid and enforceable claim of the ’936 patent or the ’801 patent.

**THIRD DEFENSE (Invalidity)**

32. Each asserted claim of the ’936 patent and the ’801 patent is invalid for failing to satisfy the conditions for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112.

33. For example, in *Trans Video Electronics, Ltd. v. Sony Electronics Inc.*, No. 3:09-cv-03304 (N.D. Cal. July 20, 2009) (the “Sony Litigation”), Sony Electronics Inc. filed a Motion for Summary Judgment of Invalidity of Claim 3 of the ’801 patent for failure to satisfy the written description requirement of 35 U.S.C. § 112, ¶ 1.

34. The District Court granted Sony’s Motion for Summary Judgment on October 14, 2011.

35. The Federal Circuit Affirmed the District’s Courts ruling under Fed. Cir. R. 36 on August 10, 2012.

36. A Writ of Certiorari to the Supreme Court was filed on November 6, 2012 to appeal the Federal Circuit’s summary affirmance, and was placed on docket as No. 12-575. The Supreme Court denied the petition on January 7, 2013.

37. In the Sony Litigation, Sony also served TVE with Invalidity Contentions in which Sony alleged at least the following prior art references anticipated and/or rendered obvious the ’801 patent pursuant to 35 U.S.C. §§ 102 and 103. The U.S. Patent Nos. included: 5,410,342; 5,247,347; 5,341,474; 5,371,532; 5,132,992; 5,442,389; 5,172,413; 5,195,092; 5,130,792; and 5,133,079. The prior art articles included: “A Store-and-Forward Architecture for Video-On-Demand Service” by Gelman, “System Architecture for a Large Scale Video on

Demand Service" by Sincoskie, and "Network Architectures for Digital Video Delivery Services in Mind-1990s" by Amin-Salehi.

**FOURTH DEFENSE (Equitable Defenses)**

38. TVE's claims for relief are barred in whole or in part by at least the following equitable defenses: laches, waiver, collateral estoppel, and estoppel.

39. Upon information and belief, at least as early as 2007, and by no later than July of 2011, TVE was aware of the Netflix activities upon which it now alleges causes Netflix to infringe the '936 and '811 patents.

40. Despite TVE's knowledge of the activities, TVE delayed in filing its Original Complaint for infringement until December 20, 2012.

41. By waiting so long to bring suit, TVE prejudiced Netflix, and the equitable doctrines of laches and waiver preclude TVE from recovering in this action.

42. In addition, Netflix re-alleges and incorporates by reference each of paragraphs 32-37 above.

43. TVE is collaterally estopped and otherwise estopped from re-litigating the issue of validity of the '801 and '936 patents under 35 U.S.C. § 112, ¶ 1.

44. TVE is also precluded from asserting claims 20, 21, 22, and 23 of the '801 patent because TVE canceled those claims during reexamination of the '801 patent.

**FIFTH DEFENSE (Prosecution History Estoppel)**

45. By reason of statements, representations, admissions, concessions, arguments, and/or amendments made by and/or on behalf of the applicants to and by the U.S. Patent & Trademark Office ("PTO") during the prosecution of the patent applications that led to the issuance of the '936 patent and the '801 patent, or during the reexamination proceeding of the

’801 patent, TVE’s claims of patent infringement are barred, in whole or in part, by the doctrine of prosecution history estoppel and/or disclaimer, because none of the claims can be properly construed as covering any activity or product of Netflix.

46. For example, during prosecution of the ’801 patent, TVE argued that the “claimed invention recites an information distribution system that can store and retrieve video information, and provides the requested video (with audio) information directly to multiple requesting users” to traverse a prior art rejection. Nov. 12, 1998 Office Action Response at 12 (emphasis in original). Specifically, TVE argued that the prior art did not disclose a system that “receives video data from and stores video data to a respective one of said plurality of video clip storing means” where “the users can make the library.” *Id.* at 14.

47. During the reexamination of the ’801 patent, TVE argued in written submissions and examiner interviews that “network” in every claim of the ’801 patent was narrowed to require a network that allows for the transmission of videos to users, as well as the receipt of videos from users. By way of example, in a summary of the Examiner interview held on November 19, 2010, the Examiner stated that TVE’s attorney next pointed to features of the ’801 patent discussed during its prosecution and “argued that the term ‘network’ was narrowed to require a network that allows for the transmission of videos to users, as well as the receipt of videos from users.” TVE did not dispute the Examiner’s interview summary, but instead repeated the same assertion in TVE’s summary of the Examiner Interview. November 29, 2010 Interview Summary at 6. TVE also argued that the limitation “said plurality of groups of at least one communications unit transmit the respective data to the respective one of the plurality of digital storing units . . . explicitly and unequivocally teaches that data is transmitted from the

communications unit towards and to the digital storing units." November 29, 2010 Office Action Response at 4.

**SIXTH DEFENSE (Limitation on Damages--Lack of Notice)**

48. Upon information and belief, neither TVE nor its licensees mark or ever marked any products with either the '936 patent or the '801 patent.

49. Prior to the filing of the Amended Complaint, TVE never provided Netflix with any notice of Netflix's alleged infringement of the '936 patent.

50. Prior to filing of the Amended Complaint, TVE never provided Netflix with proper notice of Netflix's alleged infringement of the '801 patent.

51. Pursuant to 35 U.S.C. § 287, TVE's damages, if any, are limited to the filing of the Original Complaint through patent expiration.

52. TVE's claim for damages is limited by the provisions of 35 U.S.C. § 286.

**SEVENTH DEFENSE (No Inducement '936 Patent--Lack of Notice)**

53. Prior to filing its Original Complaint, TVE never provided Netflix with notice of the '936 patent.

54. Because TVE failed to provide Netflix with notice of the '936 patent prior to commencing suit, Netflix cannot be liable for inducing infringement of the '936 patent prior to the date TVE filed suit, and TVE cannot prevail on its pre-suit induced infringement claim on the '936 patent.

**EIGHTH DEFENSE (No Injunction)**

55. Both the '936 and '801 patents are expired, and for at least these reasons TVE is not entitled to an injunction.

## RESERVATION OF RIGHTS

56. Netflix reserves all defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law or in equity, which may now exist or in the future be available based on discovery. Netflix reserves its rights to amend should it learn of additional defenses.

## JURY DEMAND

Netflix requests a trial by jury on all claims and defenses properly decided by a jury.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By: */s/ David E. Moore*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Defendant Netflix, Inc.*

OF COUNSEL:

Matthew Bernstein
Kevin J. Patariu, P.E.
Patrick J. McKeever
PERKINS COIE LLP
11988 El Camino Real, Suite 350
San Diego, CA 92130
Tel: (858) 720-5700

Bobbie J. Wilson
PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111
Tel: (415) 344-7000

Dated: April 7, 2014
1146019 / 40241

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on April 7, 2014, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on April 7, 2014, the attached document was Electronically Mailed to the following person(s):

Stamatios Stamoulis
Richard C. Weinblatt
Stamoulis & Weinblatt LLC
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
stamoulis@swdelaw.com
weinblatt@swdelaw.com

Jacqueline K. Burt
Dara T. Jeffries
Jonathan R. Miller
James McDonough
Heninger Garrison Davis, LLC
3621 Vinings Slope, Suite 4320
Atlanta, GA 30339
jburt@hgdlawfirm.com
djeffries@hgdlawfirm.com
jmiller@hgdlawfirm.com
jmcdonough@hgdlawfirm.com

Joseph C. Gabaeff
Heninger Garrison Davis, LLC
9800 D Topanga Canyon Blvd., #347
Chatsworth, CA 91311
jgabaeff@hgdlawfirm.com

Timothy C. Davis
Heninger Garrison Davis, LLC
2224 1st Avenue North
Birmingham, AL 35203
tdavis@hgdlawfirm.com

By: */s/ David E. Moore*
Richard L. Horwitz
David E. Moore
Bindu A. Palapura
POTTER ANDERSON & CORROON LLP
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

1104084/40241