

Stamatios Stamoulis
stamoulis@swdelaw.com

**BY CM/ECF**

January 15, 2014

The Honorable Chief Judge Leonard P. Stark
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801

Re:   *TransVideo Electronics, Ltd. v. Time Warner Cable Inc.*, C.A. No. 12-1740-LPS
      *TransVideo Electronics, Ltd. v. Vudu, Inc.*, C.A. No. 12-1741-LPS
      *TransVideo Electronics, Ltd. v. Verizon Services Corp.*, C.A. No. 12-1742-LPS
      *TransVideo Electronics, Ltd. v. Netflix, Inc.*, C.A. No. 12-1743-LPS
      *TransVideo Electronics, Ltd. v. Amazon.com, Inc.*, C.A. No. 13-061-LPS
      *TransVideo Electronics, Ltd. v. Hulu, Inc.*, C.A. No. 13-1399-LPS

Dear Chief Judge Stark:

In accordance with the Court's oral order dated January 6, 2015 in the above-referenced cases (the "Oral Order"), TransVideo Electronics, Ltd. ("TVE") writes to address the two issues raised in the parties joint letter to the Court dated December 18, 2014.[1]  D.I. 32.

The disputes before this Court are as follows:

   1.   **Whether the proposed prosecution bar in the protective order should apply to both parties or only Plaintiff.**

First, Plaintiff believes that any prosecution bar should apply equally to Plaintiff and Defendants in the above-referenced cases.  Plaintiff is an operating company that owns intellectual property and technical information that it would not want used by any Defendant in prosecuting their own patent applications.

TVE has operated as a company with products and services since 1988, and has offices in Washington, D.C. and Riyadh, Saudi Arabia.  In 1991, during the Gulf War, TVE was contracted by the United States Information Service to help news reporters efficiently record and edit news videos taken in the field and quickly transmit them to corresponding broadcasting stations.  For

---

[1] The parties have successfully negotiated the remaining provisions of the Stipulated Protective Order through the meet and confer process, and thus, these are the two remaining issues.  *See* Draft Stipulated Protective Order, attached as <u>Exhibit A</u>.

The Honorable Chief Judge Leonard P. Stark
January 15, 2015
Page 2

the Gulf War project, Messrs. Mohammed S. Rebec (the owner of TVE) and Mihailo V. Rebec (the other co-inventors of the patents-in-suit), researched, experimented, and tested various transmission devices, modules and additional equipment to develop systems for recording, editing, and transmitting video from a single location, as well as a system for more efficiently storing and transmitting digital video to receiving stations.

Since that time, TVE has regularly consulted with the U.S. Government, foreign governments, embassies, and other international organizations on video distribution technology, and the U.S. Government has contracted with TVE to design and install several Multichannel Multipoint Distribution Service systems and other video distribution technologies.

Moreover, TVE is currently designing and prototyping a two-way video/graphics driven global satellite based communication system for the President of the U.N. General Assembly in connection with special project for women caught in remote conflict zones.  Defendants should be prohibited from using such information in prosecution of its patents.

Second, assuming the prosecution bar applies to Plaintiff and Defendants, TVE's prosecution bar contains a limited exception to the prosecution bar in the case that any type of administrative review process with respect to the patents-in-suit is initiated with the USPTO (*e.g.*, IPR, CBM, etc.).  See Ex. A, at Paragraph 21(b), p. 20.  Plaintiff believes that the respondent to any such petition should be able to appoint one or more persons on the trial team that can coordinate with patent prosecution counsel so that no inconsistent position are taken in those proceedings.  Those persons would not have access to OUTSIDE COUNSEL EYES ONLY or RESTRICTED CONFIDENTIAL - SOURCE CODE material.  Thus, such appointed person would not have the ability, even unintentionally, to convey confidential information to prosecution counsel for the administrative review process.  Plaintiff's prosecution also has a 1-year bar, as opposed to the 2-year bar advocated by Defendants to avoid having any such prosecution barred attorney from having unreasonable restrictions on their future employment. *Id.* at Paragraph 21(b), p. 19.

Contrary to Defendants position, Plaintiff should not have to indefinitely anticipate revisiting this issue with the Court at a later time.  The time to address this issue is now.  Defendants inevitably ask for this non-public technical information in discovery because TVE is a practicing entity practicing in this field of technology.  If, as Defendants claims, they will not request any information on the activities of TVE's operations (explained above), then the prosecution bar and its provisions will never apply to Defendants.  Thus, Defendants' concerns with respect to the prosecution bar will never materialize.  Either way, a reciprocal prosecution bar should be in place so that all parties to the litigation are afforded equivalent protections under the protective order.

### 2. Whether Defendants should be required to provide a source code computer at depositions.

In order to efficiently proceed in depositions with experts or other witnesses with source code knowledge, Plaintiff believes that the parties must have access to source code on the source code machine at any such deposition. Defendants claim that it is sufficient to have the printed source code available at depositions, but this is not enough.

It is vital to have the source code machine available at a deposition where source code will be discussed. For example, in the case where a deponent references source code that has not been printed by the parties (under Paragraph 25 of the Proposed Protective Order, *see,* Ex. A, at Paragraph 25(f), pp. 25-26), the examining attorney will need to be able to access that source code to effectively examine the deponent with respect to any source code that the deponent references but has not been printed by the examining attorney. It will be more efficient to be able to access this source code during the deposition rather than having to reschedule the remainder of the deposition once that code is printed and produced to the requesting party.

Contrary to Defendants' allegations, making available the source code computer at a deposition does not obviate the need for source code review or shift the burden of source code review to Defendants. The particular provision allowing use of a source code machine at depositions is narrowly tailored and employs a "notice" provision of ten (10) days. *See* Ex. A, at Paragraph 25(o), p. 30. The purpose of a deposition (where source code is used) is for Plaintiff to explore and understand Defendants' source code. Defendants' proposal would penalize Plaintiff for not completely understanding their code prior to a deposition. But a deposition is part of discovery process and is a mechanism by which a party discovers information about the other party's claims and defenses. Plaintiff cannot be expected to know the entire inner workings, including the entire universe of source code, prior to conducting a deposition of a complex technical product. Plaintiff should also not be expected to incur the additional expense of rescheduling a deposition or seeking additional time when the issue can be avoided entirely. The provision allowing the use of the source code machine at depositions is narrowly tailored and will make deposition more efficient and cost effective for all parties.

For the above reasons, Plaintiff respectfully requests that the Court rule in its favor with respect to the two remaining protective order issues.

Respectfully Submitted,

Stamatios Stamoulis (#4606)
of Stamoulis & Weinblatt LLC