

Kelly E. Farnan
Director
302-651-7705
Farnan@rlf.com

January 15, 2015

**BY CM/ECF**

The Honorable Leonard P. Stark
Chief Judge
J. Caleb Boggs Federal Building
844 N. King Street, Unit 26, Room 6124
Wilmington, DE 19801-3555

**Re:**   ***TransVideo Electronics, Ltd. v. Time Warner Cable Inc.***, C.A. No. 12-1740-LPS
***TransVideo Electronics, Ltd. v. Vudu, Inc.,*** C.A. No. 12-1741-LPS
***TransVideo Electronics, Ltd. v. Verizon Services Corp.***, C.A. No. 12-1742-LPS
***TransVideo Electronics, Ltd. v. Netflix, Inc.***, C.A. No. 12-1743-LPS
***TransVideo Electronics, Ltd. v. Amazon.com, Inc.***, C.A. No. 13-061-LPS
***TransVideo Electronics, Ltd. v. Hulu, Inc.***, C.A. No. 13-1399-LPS

Dear Chief Judge Stark:

Per the Court's Order on January 6, 2015 [D.I. 35], we write on behalf of the Defendants in the various *Trans Video* cases regarding two disputes with Plaintiff concerning the Protective Order (the current draft of which, along with the parties' competing provisions, is attached as Exhibit 1). First, despite the fact that the patents-in-suit were filed in 1993 and are both expired, Plaintiff seeks to impose a prosecution bar on Defendants' counsel based on the *possibility* that it will produce some of its own confidential technical information that is not long-outdated. Second, in addition to the secure source code inspection environment, Plaintiff seeks to require Defendants to provide a source code inspection computer for use at depositions.

**Prosecution Bar [¶ 21(b)]**

The parties agree that a prosecution bar is appropriate for Plaintiff's counsel,[1] but disagree whether it should also cover Defense counsel. The issue is not, as Plaintiff's counsel would have it, simply whether Plaintiff is a non-practicing entity or actually engaging in some sort of current business of a technological nature. Rather, the issue is whether Defense counsel will gain access to non-public proprietary technical information which is sensitive enough to justify imposing a prosecution bar on Defense counsel.

As an initial matter, Plaintiff has not provided Defendants with any specifics as to what current business TVE is engaged in that generated highly sensitive technical information.

---

[1] Plaintiff's counsel will have access to detailed technical information concerning recent (if not current) systems and source code used by Defendants, and the Protective Order contemplates an inspection of source code relating to certain aspects of Defendants' systems. Accordingly, a prosecution bar is appropriate as applied to Plaintiff's counsel to protect this current and highly confidential technical information belonging to Defendants, and the two-year bar is a standard.

■ ■ ■

The Honorable Chief Judge Leonard P. Stark
January 15, 2015
Page 2

During the meet and confer, Plaintiff referenced some consulting activity as TVE's current business. Without any further specifics from TVE, there is clearly a gross disparity between the sensitivity of Defendants' proprietary technical information and any proprietary technical information of Plaintiff.

Plaintiff has failed to explain why the details of its current technical work will be relevant to this action. As noted above, the two patents-in-suit were filed in 1993 and are both expired. At this time, TVE's current business operations appear to have limited relevance in this case, and the relevance of the specifics of any technology TVE is currently working on is unlikely. Defendants are much more likely to focus on TVE's technology in the timeframe when the patents were filed, *i.e.*, the 1990s.

In contrast, Defendants are required to produce core technical documents and to provide additional documents and written discovery responses containing highly sensitive proprietary technical information that reflects the design and operation of products and services currently on the market. Again, the disparity between the extent and sensitivity of Defendants information and Plaintiff's information is striking.

Accordingly, Defendants submit that saddling Defendants' counsel with a prosecution bar is not warranted given the questionable volume and relevance of any current proprietary technical information in the hands of TVE. In the unlikely event that Defendants seek detailed technical information relating to Plaintiff's current activities, TVE would be free to seek a protective order requiring a prosecution bar on Defendants' counsel before disclosing that information.

### <u>Source Code Computer at Depositions [¶ 25(o)]</u>

Plaintiff's proposal to require a source-code computer at depositions is unnecessary and burdensome, and it unnecessarily increases the risk of exposure of Defendants' highly sensitive and proprietary source code. The current agreed-upon provisions in the Protective Order relating to the inspection and identification of relevant portions of source code enable Plaintiff to identify and print the relevant portions of the Defendants' source code. Those provisions also allow for the use of such printed source code in depositions without the need for a computer containing the larger universe of source code made available for inspection. Specifically, under the agreed-upon provisions, a party seeking to use source code in a deposition can simply 1) identify and print the source code to be used at a deposition and 2) bring the printed copies to the deposition for use when questioning the witness in a manner similar to how other documents are typically used at a deposition. These procedures strike a workable balance between the crucial security issues regarding the source code and source code computer and the needs of the parties, and are sufficient to allow both parties to sufficiently prepare for and conduct depositions that may address source code-level issues.

Plaintiff's proposal will require Defendants to relocate their respective source code computers from their secure inspection environments to unsecured deposition locations or to provide additional source code inspection computers for use at depositions. Both of these scenarios are problematic. Shipping or carrying a secure source code computer to depositions is burdensome and naturally increases the risk of exposure. Plaintiff's proposal also undermines the stringent protections that otherwise apply to inspection of source code elsewhere in the

The Honorable Chief Judge Leonard P. Stark
January 15, 2015
Page 3

Protective Order to properly protect this highly confidential and sensitive data. Plaintiff has already agreed with these requirements. For example:

(1) Use of recording devices and any input/output devices are forbidden at the source code inspection, but such devices are a standard part of typical depositions.

(2) The source code inspection requires ten business days' notice of all individuals pursuant to Paragraph 25(h)(ii), but Plaintiff proposes to require a source code computer to be made available on five days' notice at a deposition without any provisions for notice of, objecting to, or vetting the court reporter, stenographer, or other attendees at a deposition and also facially grants additional access for Plaintiff's counsel beyond the two attorneys and three technical advisors permitted access to Defendants' source code under Paragraph 25(h)(i). *See* Exhibit 1 at ¶ 25(h).

(3) Plaintiff's proposal contemplates the provision of a source code computer without the protections of the inspection procedures at no less than one unsecured deposition location (if not more than one location, in the event that multiple witnesses are to be examined regarding the source code), which further requires transporting that computer to and from all such depositions and adequately securing the computer and/or room during breaks in the deposition (which may not be possible).

Moreover, Plaintiff's proposal would allow Plaintiff to avoid (or at least minimize the amount of) source code inspection prior to taking depositions. Indeed, by having the entire universe of source code at hand, Plaintiff conceivably could use depositions as a shortcut to get a tutorial on source code it has not taken the time to analyze. Aside from increasing the risks of exposure of Defendants' source code, Plaintiff's strategy is not even practicable. It is unlikely that deponents will have an encyclopedic knowledge of the universe of source code, and it will not be possible for Defendants to prepare Rule 30(b)(6) deponents on the universe of source code made available for inspection. As a result, Plaintiff's proposal is likely to generate disputes during and after depositions about whether the right witnesses were produced for deposition and whether witnesses were adequately prepared. Plaintiff's proposal is thus *more* likely to lead to requests for additional time and rescheduling of depositions.

In the event that a deponent were to reference source code that Plaintiff had not already printed for use at deposition, Plaintiff can always review and print the referenced source code after the deposition to put the testimony in context. Given it has filed this patent infringement lawsuit, Plaintiff should have either counsel or technical advisors capable of analyzing source code without needing a deponent to explain every single line of code. In the event that follow-up deposition time with a witness is truly justified, the issue can be addressed at the appropriate time. Defendants submit that it is better to err on the side of caution with regard to protecting their highly confidential source code, than to allow unfettered access to source code at depositions just in case doing so might hypothetically subvert a need for further depositions.

Accordingly, Defendants submit that there shall be no obligation to provide a source code inspection computer at depositions, that the parties and the Court can address any of Plaintiff's fears that materialize, and that the provisions of subparagraphs (d)–(f) and (j)–(k) of Paragraph 25 of the Protective Order are sufficient to enable the use of source code to examine witnesses at deposition and/or trial.

The Honorable Chief Judge Leonard P. Stark
January 15, 2015
Page 4


Respectfully,

*/s/ Kelly E. Farnan*

Kelly E. Farnan

cc:      All Counsel of Record