# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TRANSVIDEO ELECTRONICS, LTD., | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 12-1743-LPS |
| NETFLIX, INC., | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| TRANSVIDEO ELECTRONICS, LTD., | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 13-61-LPS |
| AMAZON.COM, INC., | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| TRANSVIDEO ELECTRONICS, LTD., | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 13-1399-LPS |
| HULU, LLC, | : | |
| Defendant. | : | |

## **MEMORANDUM OPINION**

At Wilmington this **7th** day of **July, 2015**:

On June 23, 2015, the Court construed the term "network," as used in claims 9-14 of U.S. Patent No. 5,594,936 ("'936 patent") and claims 4-6, 10, 11, and 15-17 of U.S. Patent No.

1

5,991,801 ("'801 patent"), as "a network for users to not only receive video but also to transmit video." (D.I. 79) The Court announced its construction of the disputed claim term from the bench at the conclusion of the *Markman* hearing. The Court's reasoning was as follows:

> So I'm going to give you my construction of the disputed term. And let me first note, as you all know, but for the record, that we agreed to construe the term "network" early after we had a teleconference and then we received letters from the parties arguing over whether we should construe it early.
>
> We then allowed short, fairly quick briefs and then scheduled this hearing for just after the briefing was completed solely on the one term of "network."
>
> And I undertook that effort in hopes that this might promote the efficient progress, if not resolution, of these cases. And that is still my hope and in that spirit, having reviewed the materials before coming in today and having heard the argument, it is my view that I should just go ahead and spare you the time that it would take to wait for me to write an opinion and just give you my construction.
>
> And having done all that, the Court hereby adopts the defendants' proposed construction of "network" in all asserted claims of the '936 and '801 patents with just a slight modification.
>
> I will get [out] a written order. It won't have any explanation, but I will get a written order out and it will say that the construction of the term "network" is "a network for users to not only receive video but also to transmit video."
>
> And you will have understood that I have replaced from the defendants' proposal, "download" with "receive," and I have replaced "upload" with "transmit," all of which reflects the express language in the disclaimer that I find on this record, the disclaimer by Mr. Vazquez for TransVideo that occurred during the reexamination prosecution history.

2

The Court rejects plaintiff's proposed construction which was "a network in which the information is encoded in a series of 1s and 0s rather than as a continuously varying wave."

So as I indicated, I have found on this record a clear and unambiguous disclaimer occurred during the reexamination. And the nature of that disclaimer was that the term "network" as used in these patents requires users to be able to both upload and download videos.

Where do we see the evidence, clear and unambiguous evidence of this disclaimer?

First, in a slide, TVE told the Examiner, "the prosecution history narrowed the scope of the term 'network' to require a network that allows for the transmission of videos to users as well as the receipt of videos from users."

That is at DI 75, Exhibit A at 15.

That disclaimer is picked up in the Examiner's summary of the interview which states, "Mr. Vazquez then pointed to features of the '801 patent discussed during its prosecution and argued that the term 'network' was narrowed to require a network that allows for the transmission of videos to users as well as the receipt of videos from users."

That is at DI 75, Exhibit B.

And that same disclaimer was picked up in the patentee's own summary of the interview which states, "Mr. Vazquez argued that the prosecution history narrowed the scope of the term 'network' to require a network that allows for the transmission of videos to users as well as the receipt of videos from users."

And we find that in our record at DI 75, Exhibit C, at 16.

All of plaintiff's arguments against finding a clear and unambiguous disavowal are unpersuasive.

3

The Court recognizes the reexamination only concerned claims 20-23, which are not asserted here, but as plaintiff recognizes, nothing in the prosecution history limits the breadth of the disclaimer to just these claims. That is, the plaintiff recognizes that there is nowhere [it] can point that expressly or implicitly indicates that the effect of Mr. Vazquez's statements regarding the narrow meaning of "network" are limited just to claims 20-23.

To the contrary, . . . close review of the slide presentation that Mr. Vazquez gave to the Examiner shows the opposite.

As defendants point out, certain slides are directed to the '801 patent generally, including the crucial disclaimer slide which I have already quoted, while other slides are expressly directed to claim 20-23.

Also, and I think importantly, the substance of what Mr. Vazquez says in that crucial disclaimer slide is to reference the original prosecution history and specifically the patentee's efforts to distinguish the Pocock reference, and those efforts were not themselves limited to claims 20-23 but instead related to claims including now asserted claims such as 4 through 6 and 10 to 11.

On this record, I believe a person of ordinary skill in the art would understand the disclaimer to reach all claims of the two patents-in-suit. And, further, I believe that the public, including competitors, was entitled to rely on this clear and unambiguous disclaimer which stretches again to all claims of both of the patents-in-suit.

This conclusion is further supported by case law which provides that almost always the same claim term will be construed identically wherever it is used in the same patent.

And, further, the Court does not understand the plaintiff[] to be advocating a position that the term "network" be construed differently across different terms.

Nor is the Court persuaded that . . . there is anything about the decisions of the other tribunals, that is, the Examiner or the

4

*Sony* District Court that undermines the conclusion that there is a clear and unambiguous disclaimer here.

The plaintiff[] [has] not shown that either of those tribunals were addressing precisely the same disclaimer issue now before this Court. But in any event, this Court is obligated to make its own decision based on the record and the arguments before it and having done so concludes that there is a clear and unambiguous disavowal.

Let me add just a few other thoughts.

First, I recognize there are two patents-in-suit here and the disclaimer was expressly made only during the reexam of the '801 patent. I understand the law to support nonetheless extending that disclaimer to the other patent which shares the same specification. And, further, I don't understand the plaintiff to be disagreeing with that proposition. So for those reasons, my construction is the same across both patents.

And, finally, what I have said is my ruling on the one issue that was before the Court today. The Court's construction tracks the defendants' language and uses the word "users."

It may be that now the parties have a dispute as to what "user" means in the claims of these patents-in-suit, and if so, that may be a claim construction dispute and it may even be a claim construction dispute that the Court should consider resolving early.

I don't have a view on any of those points at this moment. I don't have any briefing really that is specifically focused on what is the proper construction of "user," and that is fair that I don't because I didn't ask for it. I asked for briefing on the term "network."

But under the circumstances, and given my hopes to again promote the efficient progress of these cases, I think it best and do hereby order that the parties meet and confer and give me a joint status report by a week from today, telling me what should happen next. It may be that I need to do some additional claim

5

construction and need to do it soon. It may be that there is some other way that this case or these cases should proceed.

Again, I would like the parties to meet and confer and first try their best to figure that out for me before I attempt to figure that out.

As I said, we'll get an oral order out that tells you that this is our construction and orders you to provide us the joint status report.

                                                  */s/ Leonard P. Stark*
                                     HON. LEONARD P. STARK
                                     UNITED STATES DISTRICT JUDGE